THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS McKAY, Appellant.

First Department, May 29, 1931.

*William P. Thomas*, for the appellant.

*Charles B. McLaughlin, District Attorney* [*Sol Boneparth* and *Herman J. Fliederblum* with him on the brief], for the respondent.

SHERMAN, J. Defendant was convicted in the County Court of Bronx county of the crime of assault in the third degree. The appeal questions the sufficiency of the evidence. The defendant claims that while riding in his automobile he observed a boy striking one of his children whereupon he alighted from his car and interfered to prevent its continuance. In the course of so doing he struck the boy in the face with the back of his hand, thereupon he took his child with him in the car and proceeded on his way. Apparently Hackett, the complainant, witnessed a part of this controversy and saw that the boy's nose was bleeding as a result of

the blow. When defendant returned in his car Hackett signaled him to stop. He claims that defendant asked him if he was taking the boy's part and told him in a pugnacious way to take his overcoat off. Hackett started to do that, laid his hat on the fender of defendant's car and as he was in the act of taking his overcoat off, his arms being locked by the coat, defendant, who had alighted from the car, struck him in the face breaking his nose, knocking out one tooth and cracking another. Complainant is corroborated to a considerable extent by the witness Tobin.

Defendant disputed Hackett's testimony that he was in the act of taking off his coat when struck and claimed that Hackett had already taken it off and thrown it on the mudguard of the car. Dowd, called as a witness for defendant, gave uncertain testimony as to whether or not Hackett had already taken his coat off. He saw Hackett signal for the stoppage of the car and finally said that Hackett had his overcoat off before McKay got out of the car. Defendant also testified that Hackett made a pass at him and that he struck out in self defense. This was denied by Hackett.

Therefore, a question of fact was presented to the jury. There is a dispute as to who was the actual aggressor. Though Hackett stopped the car for the purpose of protesting, as he claims, against the treatment accorded by defendant to the boy, that did not warrant defendant in striking complainant when his arms were locked so that he could not well defend himself. The jury saw the parties and may have concluded that defendant was possessed of a violent and unbridled temper which caused him to strike the blow under the circumstances narrated by the complainant.

This court cannot say, therefore, that the verdict was against the weight of the evidence and hold defendant guiltless of the assault charged.

The judgment should be affirmed.

FINCH, P. J., and O'MALLEY, J., concur; MERRELL, J., dissents and votes for reversal, dismissal of the indictment and that the defendant be discharged; TOWNLEY, J., dissents and votes for reversal and a new trial.

MERRELL, J. (dissenting). In my opinion the testimony at the trial did not justify the conviction of the defendant of assault in any degree. The evidence clearly indicates that the complaining witness was the aggressor, and that any assault committed upon him was the result of his unjustified attack upon defendant. Defendant, a captain in the fire department, with which he had been connected for eighteen years, was shown to have borne an

excellent reputation as a peaceable citizen. The acts of the complainant alone brought about the alleged assault with which defendant was charged. I think the evidence did not justify the conviction of defendant.

The judgment of conviction should be reversed, the indictment dismissed and the defendant discharged.

Judgment affirmed.